Filed 8/17/21  In re D.C. CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re D.C., et al., Persons Coming Under the Juvenile Court Law. | D078879 |
| IMPERIAL COUNTY DEPARTMENT OF SOCIAL SERVICES, | |
| Plaintiff and Respondent, | (Super. Ct. Nos. JJP03693; JJP03694; JJP03695; JJP0000634; JJP0000635) |
| v. | |
| A.C., | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Imperial County, William D. Lehman, Judge.  Conditionally reversed and remanded with directions.

Elizabeth A. Klippi, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the County Counsel and Katherin Turner, for Plaintiff and Respondent.

A.C. (Mother) appeals from orders denying her petition under Welfare and Institutions Code section 388 and terminating parental rights to her five minor children (the children), pursuant to Welfare and Institutions Code section 366.26. Counsel for Mother, the children, and the Imperial County Department of Social Services (the Department, collectively the parties) have conferred and agree that the Department's investigation and noticing of tribal entities under the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) was inadequate. The parties have filed a joint application and stipulation seeking a limited reversal and remand with directions to the Department and the juvenile court to ensure compliance with the ICWA. We accept the stipulation and conditionally reverse the order terminating parental rights.

## DISCUSSION

Mother submitted an ICWA-020 form at the detention hearing in January 2017 indicating that one or more of her family members may be a member of the Cherokee tribe. At the hearing, Mother stated that her maternal grandfather had Cherokee ancestry. The ICWA-030 notices for the children served on the tribal entities identified the name of the maternal grandfather but contained no other biographical information for the extended maternal family members.

Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated

2

reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).)

The present case involves reversible error because the parties agree, and we concur, that the Department failed to comply with the ICWA and related California provisions. (*In re Francisco W.* (2006) 139 Cal.App.4th 695, 703 ["Notice to the tribe must include available information about the maternal and paternal grandparents and great-grandparents, including maiden, married and former names or aliases; birthdates; place of birth and death; current and former addresses; tribal enrollment numbers; and other identifying data"].) Because this case would be subject to reversal to permit compliance with the ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382.)

## DISPOSITION

The April 21, 2021 order terminating parental rights under Welfare and Institutions Code section 366.26 is conditionally reversed and the matter is remanded with directions for the juvenile court to order the Department to make a proper inquiry into possible Indian ancestry in the children's maternal lineage to ensure compliance with the Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) and related state statutes (Welf. & Inst. Code, § 224.1 et seq.). If, after further inquiry, the Department obtains information showing a reason to know that the children are Indian children, the court must provide notice in accordance with ICWA. If the court finds that the children are Indian children, the court shall proceed in conformity with the ICWA. If the court finds that the children are not Indian children, the order terminating parental rights shall be reinstated. In all other respects, the

3

April 21, 2021 order and findings therein are affirmed.  The remittitur shall issue forthwith.

O'ROURKE, Acting P. J.

WE CONCUR:

DATO, J.

GUERRERO, J.

4